**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>v.          )<br>)<br>**DELANI BENJAMIN,** )<br>)<br>   **Defendant.** )<br>_____) | **Criminal Action No. 2024-0015** |

**Attorneys:**
**Kyle Payne, Esq.**
St. Thomas, U.S.V.I.
   *For the United States*

**Renee D. Dowling, Esq.**
St. Croix, U.S.V.I.
   *For Defendant*

## MEMORANDUM OPINION

**Lewis, Senior District Judge**

THIS MATTER comes before the Court on the Government's "Motion to Dismiss without Prejudice" ("Motion") (Dkt. No. 80), wherein the Government moves to dismiss the Information (Dkt. No. 18) in the above-captioned matter without prejudice. The Government asserts that "further investigation after charging revealed that, at this time, the available admissible evidence would not permit a properly instructed jury to convict the defendant beyond a reasonable doubt" and therefore "the interest of justice" warrants such dismissal without prejudice. (Dkt. No. 80 at 1). Defendant Delani Benjamin ("Defendant") filed an "Opposition to Motion to Dismiss Without Prejudice" (Dkt. No. 85), in which he asks the Court to "deny the motion to dismiss and allow the

trial to proceed on August 4, 2025."[1] (Dkt. No. 85 at 4). For the reasons that follow, the Court will grant the Government's Motion and dismiss, without prejudice, the Information in this matter.

## I. BACKGROUND

On August 12, 2024, the victim in the instant matter began receiving phone calls and text messages demanding $5,000 to pay an alleged drug debt. (Dkt. No. 1-1 at 2). The victim denied having a drug debt with anyone and denied being involved with drugs. *Id.* The messages and calls also conveyed threats of bodily injury and death to the victim, the victim's spouse, and the victim's employees. *Id.* at 2-4, 6-9.

On August 16, 2024, after four days of such calls and text messages—and with the assistance of law enforcement officers—the victim agreed to leave the money in his car at a designated location for the caller to retrieve. *Id.* at 9-10. Defendant was arrested while attempting to retrieve the money from the victim's car at the designated time and location. *Id.* at 11. The caller who made the threats was in phone contact several times with the victim during the period of time in which Defendant was attempting to retrieve the money from the victim's car. *Id.* at 10-11. Law enforcement observed Defendant using his cell phone during the same period of time while attempting to retrieve the money from the victim's car. *Id.* at 11.

On August 19, 2024, the Government filed a Complaint against Defendant charging interstate communications with intent to extort, pursuant to 18 U.S.C. § 875(b), and interstate communication with a threat to kidnap or injure, pursuant to 18 U.S.C. § 875(c). (Dkt. No. 1). The Government also filed an "Affidavit in Support of a Criminal Complaint" (Dkt. No. 1-1), which alleged that Defendant was the individual who made and sent the threatening and

---

[1] Defendant is clear that he "is not asking this Court to dismiss the Information with prejudice." (Dkt. No. 85 at 4).

extortionate phone calls and text messages to the victim. (Dkt. No. 1-1 at 11-12).

On September 19, 2024, the Government filed a four-count Information charging Defendant with the aforementioned crimes and two additional crimes: interference with commerce by threats or violence, pursuant to 18 U.S.C. § 1951(a), and possession of a firearm in furtherance of a crime of violence, pursuant to 18 U.S.C. § 924(c). (Dkt. No. 18).

In January 2025, the FBI provided the Government with "a draft report" (the "FBI Report") which contained "a cell phone analysis of the location of the cell phone that called the victim" while Defendant was in the designated location retrieving the money. (Dkt. No 86 at 3). The FBI Report suggested that the cell phone used to call the victim was *not* located at the designated location where the money was being retrieved, but instead was located nearly halfway across the island of St. Croix in the vicinity of the airport. *Id.*

On February 12, 2025, the Government filed a motion to continue trial due to the pending resignation of the Assistant U.S. Attorney ("AUSA") responsible for this case. (Dkt. No. 61). On February 14, 2025, Magistrate Judge Emile A. Henderson III continued the March 31, 2025 trial without setting a new trial date. (Dkt. No. 65 at 3). On March 14, 2025, the resigning AUSA filed a "Notice of Withdrawal" and the AUSA presently responsible for the case filed a "Notice of Appearance." (Dkt. Nos. 70, 72). On March 28, 2025, Magistrate Judge Henderson set a new trial date of August 4, 2025, and on April 11, 2025 scheduled a trial readiness hearing for June 17, 2025. (Dkt. Nos. 73, 75). On June 11, 2025, six days prior to the trial readiness hearing, the Government filed the instant Motion to dismiss the matter without prejudice "after reviewing the evidence thoroughly and conferring with management." (Dkt. Nos. 80, 86 at 2).

## II.  APPLICABLE LEGAL PRINCIPLES

Under Rule 48(a) of the Federal Rules of Criminal Procedure, "[t]he government may, with

3

leave of court, dismiss an indictment, information, or complaint." Fed R. Crim. P. 48(a). Rule 48(a) is "primarily intended to protect a defendant from prosecutorial harassment." *In re Richards*, 213 F.3d 773, 786 (3d Cir. 2000) (citation omitted); *see also United States v. Lang*, 2021 WL 2169513 at *1 (D.V.I. May 27, 2021) ("Rule 48(a)'s principal purpose is to protect criminal defendants from 'prosecutorial harassment,' which is the 'danger that a prosecutor will engage in a cycle of levying and dismissing charges against a particular defendant.'"). Thus, a court is "generally required to grant a prosecutor's Rule 48(a) motion to dismiss unless dismissal is 'clearly contrary to manifest public interest.'" *In re Richards*, 213 F.3d at 787; *see also Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977) (per curiam) (permitting the Court to deny a Rule 48(a) motion "to which the defendant has consented if the motion is prompted by considerations clearly contrary to the public interest"). Situations in which dismissal would be "clearly contrary to manifest public interest" include cases where the prosecutor appears "motivated by bribery, animus towards the victim, or a desire to attend a social event rather than trial." *Richards*, 213 F.3d at 787-88.

A presumption of good faith attaches to the government's decision to seek dismissal under Rule 48(a). *United States v. Lang*, 2021 WL 2169513 at *1 (D.V.I. May 27, 2021). A defendant can rebut this presumption "by showing that the prosecution has sought dismissal in bad faith or for reasons contrary to the public interest; or has failed to sufficiently articulate its reasons for dismissal." *United States v. Etienne*, 2009 WL 1404808 at *2 (D.V.I. May 15, 2009). "If a defendant fails to rebut the presumption of good faith, it is customary for a court to grant the government's Rule 48(a) motion to dismiss without prejudice." *Lang*, 2021 WL 2169513 at *1.

### III. DISCUSSION

The Government states that it "seeks its motion based on current evidence that would not allow a jury to receive an instruction in which to convict the defendant beyond [a] reasonable

4

doubt." (Dkt. No. 86 at 5). That is, "the evidence known at this time is consistent with the defendant not being the suspect who communicated with the victim" and "further investigation is necessary . . . [because] the government has reviewed a draft cell location report placing the caller on the opposite end of St. Croix from where the defendant was seen on his cell phone outside of the [designated location for the money retrieval]." *Id.* The Court finds that the Government's stated reasons for seeking dismissal to constitute good faith and to be sufficiently articulated. *Cf. Etienne*, 2009 WL 1404808 at *2 (stating a defendant can rebut the good faith presumption "by showing that the prosecution has sought dismissal in bad faith or for reasons contrary to the public interest; or has failed to sufficiently articulate its reasons for dismissal").

Defendant alleges bad faith stemming from both the Government's actions and their consequences for Defendant, consisting of the following: (1) the Government's "delay" between receiving the FBI Report in January 2025 and filing the instant Motion in June 2025; (2) the timing of the Government's Motion on "the eve of trial"; (3) the prejudice suffered by Defendant due to this timing because Defendant's "TWIC[2] card will not be renewed during the time that the statute of limitations has not run on the charges he is facing"; (4) the lack of an indictment filed in the instant action, which Defendant argues would prohibit the Government from proceeding to trial, scheduled to start on August 4, 2025, absent Defendant's consent under Rule 7(b) of the Federal Rules of Criminal Procedure; and (5) the "manifest injustice [that] would result" from Defendant being "prevented from exercising his constitutional right to the pursuit of happiness." (Dkt. No. 85 at 2-4). The Government, in turn, states that sufficient time to seek an indictment prior to the

---

[2] The Transportation Worker Identification Credential ("TWIC") is a required credential under the Maritime Transportation Security Act for workers who need access to the secure areas of maritime facilities and vessels. *TWIC*®, TRANSPORTATION SECURITY ADMINISTRATION, https://www.tsa.gov/twic (last visited July 12, 2025).

5

trial date exists, and that the Government's Motion does not reflect "any gamesmanship" as "the defendant has not filed a motion to suppress, a trial brief, nor have any status conferences been held where the defendant would have divulged anticipated defenses providing the Government with a tactical advantage in which it would benefit from a dismissal without prejudice." (Dkt. No. 86 at 5-6).

Given the procedural history of this case—including the lack of continuity in the counsel for the Government and the timing of the filing of this Motion prior to the scheduled trial readiness hearing—the Court finds no bad faith related to the filing of the Motion as it pertains to either the FBI Report or the anticipated trial. The Court also finds no bad faith stemming from the other reasons advanced by Defendant because none of those reasons suggest that the prosecutor is motivated by bribery, animus towards the victim, or any other improper purpose. *See Richards*, 213 F.3d at 787-88. In sum, the Court finds that Defendant has presented nothing which indicates that the Government's Motion is "clearly contrary to manifest public interest," *Richards*, 213 F.3d at 787, and Defendant has therefore failed to rebut the presumption of good faith to which the Government is entitled in seeking leave to dismiss the Information.

In short, while Defendant asks the Court to "deny the motion to dismiss and allow the trial to proceed on August 4, 2025," (Dkt. No. 85 at 4), it is not in the public interest to permit a trial in a case where the Government concedes that "the available admissible evidence would not permit a properly instructed jury to convict the defendant beyond a reasonable doubt." (Dkt. No. 80 at 1). Accordingly, the Court will grant the Government's Motion and dismiss, without prejudice, the Information in this matter.

## IV. CONCLUSION

For the reasons discussed above, the Court will grant the Government's Motion (Dkt. No. 80) and dismiss the Information without prejudice. An appropriate Order accompanies this Memorandum Opinion.

Date: July 12, 2025                  _____/s/_____
                                                           WILMA A. LEWIS
                                                           Senior District Judge